GEORGE S. RATHBONE et al., Executors, *v.* HENRY B. LYMAN.

8   155
23  161

A court of equity has full and original jurisdiction of all questions relating to the dealings by executors with the assets of estates which they assume to administer, and power to punish mal-administration by allowing compound interest and ordering rests in an executor's account; but this power it will exercise only when it is invoked by a bill containing the needful recitals, charges and prayers.

In a suit for foreclosure, by two of three joint executors against their associate, upon a mortgage to secure payment of a promissory note payable to a testator, with "interest payable semi-annually," which note had been outstanding upwards of eleven years since the death of the testator; *held,* that in computing the amount due on the note, the delinquent executor be charged with interest upon the semi-annual installments of interest, since the same respectively became due,—although it be not in proof that payment of such installments of interest, as distinct claims, had ever been requested from the debtor, by his co-executors.

*Query.* Whether, under ordinary circumstances, interest upon interest is recoverable upon a note by whose terms interest is payable at stated times, but for which no demand was made, as and when such interest became due?

THIS* was a suit in equity, heard upon bill, answer and an agreed statement of facts.

The two complainants and the defendant were co-executors of the will of Elisha Dyer, among the assets of whose estate were three promissory notes, signed by the defendant, one of which,—amply secured by a mortgage of mill property,—bore date April 13th, 1850, and was for the sum of $10,000, upon

---

* Associate Justice Durfee, being related to a party, did not sit in this case.

which was due, October 15th, 1853, (as computed and set forth in the inventory then returned to the Court of Probate by the three executors,) the sum of $10,133.74. These three notes the executors retained as uncollected assets of the estate, having secured a waiver in writing of the statute of limitations, until, in March, 1864, the two complainants instituted this suit to enforce payment of the notes and the accumulated interest, by a sale of the mortgaged property. Afterwards (June 29th, 1864), pending the suit, the defendant made payment in full of two of said notes,—which were surrendered to him,—and payment also of the note aforesaid, with simple interest thereon down to the day of payment; and thereupon demanded that that note be also surrendered to him, and that this suit be discontinued, on payment of the accrued costs. With this demand the complainants refused to comply, upon the ground that, by the terms of the note, interest upon the several semi-annual installments of interest was legally and equitably due, its amount being not less than about $1,900. The defendant refused to pay this additional sum, and filed an answer to the bill, setting up the facts substantially as here stated, denying further liability upon the note. It was agreed that the defendant had never been requested to pay the interest upon said note, otherwise than when asked by his co-executors to pay all the claims against him, as an entirety, to the end that the account of the executors might be finally settled in the Probate Court. It was also agreed, that this debt due from the defendant, when realized, would augment *pro tanto* the residuary estate of the testator, Dyer, of which the defendant was one of the trustees for the benefit of the two married daughters of said Dyer, bound " at least once in each year " to pay to them the net income during their respective lives, with remainder to their children absolutely.

*Tillinghast, for the complainants:*—

We claim, that interest be compounded every six months upon the note for $10,000, or, at least, that the account upon the mortgage debt be taken with semi-annual rests, and interest upon each rest in this account.

Rathbone et al., Executors, *v.* Lyman.

I.   This debt became assets in defendant's hands, as executor, as soon as it, or the interest, fell due; and it was his duty to carry it at once into the residuary fund, and to invest it productively.   Rev. Stats. p. 366, § 6.   The retaining of the money by defendant was, in a legal and equitable sense, a breach of trust. *Williams* v. *Power*, 10 Eng. L. and Eq. 233; *Jones* v. *Foxhall*, 13 Ib. 144; *Stackpole* v. *Stackpole*, 4 Ib. 209; *Raphael* v. *Boehm*, 11 Vesey, 92; *Raphael* v. *Boehm*, 13 Ib. 407, 590; *Jennison* v. *Hapgood*, 35 Miss. 321, as cited 20 U. S. Dig. 565, § 46; 2 Williams on Executors, 1568, *et seq.* and cases cited; Hill on Trustees, 374, and notes and cases cited.

II.   Were the relation of the parties that of debtor and creditor simply, the complainants would be entitled to interest upon the half-yearly installments of interest upon the $10,000 mortgage note, from the time when payable.   This has been the practice, in computing interest on mortgage notes of this kind, and it is sustained by authority.   1 Am. L. C. (ed. 1852) p. 422 and cases cited.

*Knowles, for defendant:*—

I.   This suit is by two of three executors against the third, to collect a mortgage debt due from him individually to the testator; and the only inquiry open upon the record is, as to the amount of interest now due upon that debt, having regard to the phraseology of the note.   Defendant claims that interest should be allowed as it would be were he not one of the executors,—that is, simple interest upon the principal sum, and nothing more, inasmuch as it is agreed no demand was ever made for interest, as distinct from a demand of payment of the whole debt.   Here is, in technical parlance, a waiver of claim for interest upon interest.   There is no uniform or even general usage, to affect the question, and the weight of authority sustains this view.   1 Am. L. C. as cited by opposing counsel.

II.   No question as to the neglects or misdoings of the defendant, as a trustee under the will, or as one of the executors, can be raised in this suit.   The bill is so framed as to preclude such questions; and besides this, the complainants, being the majority, and having always had power to bring a suit, as they

now have done, are really more culpable than the defendant, as regards the failure to collect this debt within a reasonable time. And, again : executors are accountable solely to the Courts of Probate for their course of dealing with assets in their hands. Those courts can compel them to pay or allow interest upon monies unreasonably retained or misused in wrong of distributees. Rev. Stats. p. 383, §§ 9, 10. The Supreme Court, having no original jurisdiction as a Probate Court, can take cognizance of questions of this nature only when brought up by appeal. This is a sufficient reply to the complainants' novel claim, that promissory notes are, *de jure*, for purposes of distribution, cash assets in an executor's hands from the moment he takes possession of them.

AMES, C. J. The Court has no doubt as to its jurisdiction of questions relating to the dealings by executors with the assets of estates which they assume to administer, or of its power to punish mal-administration, by allowing compound interest, and ordering rests in an account, as may appear just and equitable. The jurisdiction of Courts of Probate is subordinate to that of this Court, as a Court of Equity. But this jurisdiction and this power are to be exercised only when the proper case is presented upon a bill aptly framed, with the necessary charges and allegations, suited to afford a respondent an opportunity to defend against them. We do not find the bill in this case to be of this character, and therefore deem it unnecessary to give to the cause, in this aspect, further consideration.

There remains to be considered only the question of the amount of interest legally and equitably chargeable upon the note described in the pleadings. By the terms of that note the interest was to be paid in semi-annual installments; but, inasmuch as the interest was not demanded when due, the defendant contends that any claim for interest upon interest was, in contemplation of law, waived by the creditor. The Court, however, are of opinion that the presumption of a waiver, upon which the defendant relies, and of which some of the authorities speak, is rebutted or overborne by the fact that the debtor, in this case, was bound, in his character of executor, to make

demand of this interest whenever, and as soon as, it became due. To construe his omission for a long series of years to do this, or to make payment to the estate, as a waiver of interest upon the semi-annual installments after these respectively became due, we adjudge would be incompatible with our obligations, as a Court of Equity sitting to ascertain the just sum due upon a mortgage note. We, therefore, shall direct that the account be so made up, as to require the defendant to pay simple interest upon the principal sum of the note, and simple interest upon each semi-annual installment of interest, from the day it fell due until the day of payment.

This judgment is to be understood as limited to the case presented. As regards the proper or legal rule of computing interest upon a note of this description, upon which the interest may not have been demanded when due, where the relation between the parties is simply that of debtor and creditor, or that of mortgagor and mortgagee, we intend here to express no opinion.

Let a decree be entered in conformity to this opinion.